IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **KEVIN THOMAS**, on behalf of himself and others similarly situated, | ) Case No.2:21-cv-5472 )</br>) Judge Edmund A. Sargus, Jr. |
| Plaintiff, | ) </br>) Magistrate Judge Kimberly A. Jolson |
| vs. | ) </br>) |
| **CANDID CARE CO.**, | ) </br>) |
| Defendant. | ) |

### JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff Kevin Thomas ("Plaintiff") and Defendant Candid Care Co. ("Defendant") (collectively, the "Parties") respectfully request that this Honorable Court:

1. Approve the Parties' settlement of the collective claims brought pursuant to the Fair Labor Standards Act ("FLSA") as reflected in the Settlement Agreement and Release, attached hereto as **Exhibit 1**, including the release of claims;

2. Approve Plaintiff's Counsel's request for attorneys' fees and costs to be paid from the settlement;

3. Approve the Service Award payment for Plaintiff to be paid from the settlement; and

4. Dismiss this case with prejudice.

In support of this Motion, the Parties submit the attached memorandum and the following documents:

**Exhibit 1**: Settlement Agreement and Release (the "Agreement");

**Exhibit 2**: Declaration of Jeffrey J. Moyle; and

**Exhibit 3**: Proposed Order Granting Joint Motion for Approval of FLSA Settlement.

As explained in the attached Memorandum filed in Support of this Joint Motion, the Agreement was reached during arms-length negotiations between the Parties, after substantial

investigation, exchange of employee data and payroll information, and on the basis of mutual recognition of the strengths and weaknesses of each party's positions, and the risks and costs to each side of continued litigation.

Respectfully Submitted,

| **NILGES DRAHER LLC** | **STITES & HARBISON PLLC** |
|---|---|
| */s/ Jeffrey J. Moyle* <br> Jeffrey J. Moyle (0084854) <br> 1360 East 9th Street, Suite 808 <br> Cleveland, OH 44114 <br> Telephone:   (216) 230-2955 <br> Facsimile:   (330) 754-1430 <br> E-mail:         jmoyle@ohlaborlaw.com <br><br> Shannon M. Draher (0074304) <br> Hans A. Nilges (0076017) <br> 7266 Portage Street, N.W., Suite D <br> Massillon, OH 44646 <br> Telephone:   (330) 470-4428 <br> Facsimile:   (330) 754-1430 <br> Email:           sdraher@ohlaborlaw.com <br>                     hans@ohlaborlaw.com <br><br> *Attorneys for Plaintiff* | */s/ Robin D. Miller  (with permission)* <br> Robin D. Miller (0074375) <br> Andrew J. Poltorak (0090228) <br> 5325 Deerfield Blvd <br> Mason, OH 45040 <br> Telephone:    513-445-6597 <br> Email:             apoltorak@stites.com <br>                        rmiller@stites.com <br><br> **DYKEMA GOSSETT PLLC** <br><br> Donna K. McElroy (*pro hac vice*) <br> Katherine A. Zampas (*pro hac vice*) <br> 112 E. Pecan St, Suite 1800 <br> San Antonio, TX 78205 <br> Telephone:    (210) 554-5272 <br> Facsimile:    (210) 226-8395 <br> Email:            dmcelroy@dykema.com <br>                       kzampas@dykema.com <br><br> Christopher D. Kratovil (*pro hac vice*) <br> 1717 Main St, Suite 4200 <br> Dallas, TX 75201 <br> Telephone:    (214) 462-6458 <br> Facsimile:    (214) 462-6401 <br> Email:            ckratovil@dykema.com <br><br> *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

      I hereby certify that on October 13, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>/s/ Jeffrey J. Moyle</u>
*One of the Attorneys for Plaintiff*

**MEMORANDUM IN SUPPORT**

I.     **FACTUAL AND PROCEDURAL BACKGROUND.**

Plaintiff filed this action on November 24, 2021, alleging Defendant failed to pay him and other similarly-situated employees the required overtime compensation at the rate of one and one-half times the regular rate of pay for all of the hours they worked over 40 each workweek -- in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and Ohio law. (ECF # 1). Specifically, Plaintiff alleged that Defendant did not pay him and other similarly situated employees for time spent booting up their computers and other software, or for responding to internal communications while off the clock. (*Id.*). Defendant filed its answer to Plaintiff's Complaint on January 14, 2022, in which it denied Plaintiff's material allegations, denied that it violated the law, and denied that this case was proper for class and/or collective treatment. (ECF # 11). Defendant has consistently denied, and continues to deny, any liability or wrongdoing to Plaintiff or any other employees throughout this case.

On February 25, 2022, Plaintiff moved the Court for conditional certification of a collective action under the FLSA, and for Court-supervised notice to members of the collective. (ECF # 16). Defendant opposed Plaintiff's motion. (ECF # 19). On September 28, 2022, the Court granted Plaintiff's Motion, and authorized notice to the Collective. (ECF # 22). While these issues were being briefed, Defendant served written discovery on Plaintiff and several other opt-in plaintiffs who had joined this case. (*See* Declaration of Jeffrey J. Moyle ("Moyle Dec."), attached as Exhibit 2, at ¶ 10).

Notice was sent to members of the putative collective on approximately October 28, 2022. (Moyle Dec. at ¶ 11). Collective members had until December 27, 2022 to join the case. (*Id.*). Out of approximately 238 members of the putative collective, a total of 41 people opted to join this

case (hereinafter the "Collective"). (*Id.*). After the close of the notice period, Defendant's counsel provided Plaintiff's counsel with time records and payroll data for the Collective. (*Id.* at ¶ 12). Plaintiff's Counsel was able to construct a potential damages model from that data, and the Parties agreed to engage in settlement discussions. (*Id*). After exchanging several settlement proposals, the Parties were able to reach an agreement to settle this matter for the Collective. (*Id.*).

As set forth in the Settlement Agreement and Release attached as **Exhibit 1**, the gross settlement amount is $50,000.00, which will cover: (a) all individual payments to Collective members; (b) a service award to Plaintiff for his services in bringing and prosecuting this Action; and (c) Plaintiffs' Counsel's attorney fees and expenses. The settlement includes the 41 members of the Collective that joined this case. Collective members will receive a monetary payment calculated proportionately to the number of hours they worked for Defendant during the applicable time period in comparison to the total hours worked by all Collective members during that time period. In exchange for these payments, Collective members will release all any and all claims against Defendant under the FLSA and any and all applicable state and local wage and hour laws, regulations, and ordinances up to the date on which each member of the Collective deposits or cashes any portion of such member's payment; any member of the Collective who does not retains the rights to pursue their own claims. Anyone who did not opt into this suit will not have their rights affected in any way.

II.     **THE COURT SHOULD APPROVE THE FLSA SETTLEMENT**

Settlement of claims made pursuant to § 216(b) of the FLSA are subject to approval by the Court. As explained below, Court approval is warranted.

2

A.      **The Standard for Approval of the Settlement Is Satisfied**

The court presiding over the settlement of an FLSA collective action may approve a proposed settlement if it is a "'fair, reasonable, and adequate' resolution of a bona fide legal dispute." *Ousley v. CG Consulting, LLC*, Civil Action No. 2:23-cv-01435, 2023 U.S. Dist. LEXIS 86943, at *6 (S.D. Ohio May 16, 2023) (citations omitted). In making this determination, Courts evaluate the following factors:

> (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement.

*Id.* at *6-7 (S.D. Ohio May 16, 2023). Application of these principles to this settlement demonstrates that approval is warranted.

1.      **No Indicia of Fraud or Collusion Exists**

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 U.S. Dist. LEXIS 174414, at *4 (N.D. Ohio Oct. 10, 2018) (citation omitted). Here, the Agreement was achieved only after arms-length and good faith negotiations between the Parties. As such, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

2.      **The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval**

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See, Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *8 (S.D. Ohio Aug. 17, 2018) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with

3

them") (citations omitted). Moreover, the Parties disagree over the merits of Plaintiff's claims, including whether any liability exits and, if so, whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, and whether Plaintiff and the Collective would be entitled to liquidated damages if they were to prevail on the merits. (Moyle Dec. at ¶ 14).

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to the participating Collective members promptly and efficiently. (*Id.*).

### 3. Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation prior to negotiating the Settlement. Prior to filing the Action, Plaintiff's Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific and accurate complaint for the Court and Defendant. After the case was filed, Plaintiff and Defendant engaged in several discussions regarding the merits of each side's respective positions, and conducted some written discovery. (Moyle Dec. at ¶ 16). Thus, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides. In addition, Defendant produced timekeeping and payroll records, and each Party had the opportunity to review and analyze those records. (*Id.*). Consequently, not only were the factual and legal issues thoroughly investigated, the potential damages in this case were investigated as well. (*Id.*).

### 4. The Risks of Litigation Favor Approval

Counsel for both sides believe in the merits of their clients' positions, while also recognizing that continued litigation will be uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises defenses to Plaintiff's claims, and the outcome of

4

those defenses is uncertain as well. Accordingly, if this case is not settled, it is possible that the Collective would receive no compensation or, if they do receive compensation, it will be after protracted litigation, likely also involving appeals. By settling the case at this stage of the litigation, the Parties and participating Collective members bypass the inherent risks of litigation and achieve finality on this matter. (Moyle Dec. at ¶ 17). This factor favors approval of the settlement.

### 5. The Public Interest

As the Sixth Circuit recently noted in another case involving the approval of an FLSA settlement, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 899 (6th Cir. 2019) (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)). Here, rather than face the risk and uncertainty of continued litigation, the Settlement confers immediate benefits on participating Collective members, avoids the risks and expense of further litigation, and conserves judicial resources. Thus, the Court should find that this factor supports approval of the Settlement.

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court must "ensure that the distribution of the settlement proceeds is equitable." *Murton v. Measurecomp, LLC*, No. 1:07CV3127, 2009 U.S. Dist. LEXIS 144222, at *22 (N.D. Ohio Aug. 10, 2009). Here, all components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable and adequate for Plaintiff and the Collective.

1. **The Individual Payments Are Reasonable and Adequate**

The settlement compensates the Collective for alleged unpaid overtime wages on a proportional basis based on the number of hours the Collective member worked during the period of time covered by the settlement. Each member of the Collective will receive an award in excess of 100% of the alleged unpaid overtime damages, assuming 15 minutes of uncompensated work per day. (Moyle Dec. at ¶ 18). This represents a substantial recovery by the Collective, and "[a]s such, there is no question that it is fair, reasonable, and equitable." *Ousley*, at *10 (approving a settlement that paid members of the collective 100% of their potential recovery).

2. **Plaintiff's Service Award Is Proper and Reasonable**

The Agreement provides for a service award of $2,000.00 to Plaintiff, in addition to his individual payment. Courts routinely approve service awards to named plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *17 (N.D. Ohio Mar. 8, 2010).

Here, Plaintiff contributed significant time, effort, and detailed factual information enabling Plaintiff's counsel to evaluate the strength of this case, and reach a settlement of this matter that, in Counsel's opinion, fairly and adequately compensates the class for alleged unpaid wages. As such, the time and effort Plaintiff provided supports the requested service payments. (Moyle Dec. at ¶ 19).

### 3. The Attorney Fees to Plaintiff's' Counsel Are Proper and Reasonable

After the Court has confirmed that the terms of settlement are fair to the Settlement Class, it may review the Parties' agreement as to the provision of fees and costs to Plaintiff's Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). Here, Plaintiff is requesting that the Court approve as reasonable attorneys' fees of $16,666.66, representing one-third of the total settlement amount. "In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Carr v. Bob Evans Farms*, No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *10-11 (N.D. Ohio July 27, 2018); *see also Allen v. Shamrock Towing, Inc.*, No. 2:22-cv-1948, 2023 U.S. Dist. LEXIS 153003, at *14 (S.D. Ohio Aug. 29, 2023) ("courts in this Circuit generally approve of awards amounting to one-third of the total settlement").

This conclusion was recently reiterated in *Harsh v. Kalida Mfg.*, No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at *20 (N.D. Ohio Sep. 13, 2021). In *Harsh*, the Court held that while a Court can utilize either the percentage-of-the-fund or the Lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at *19-20. The Court further noted that the Lodestar method was more appropriate in wage and hour cases that "involve relatively small claims and therefore small amounts of damages in question," because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* at *20. In contrast, in cases involving a common settlement fund the Court found

7

that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

Further, Plaintiff's counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses. (Moyle Dec. at ¶ 20). "In doing so, Class Counsel assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *19 (S.D. Ohio Dec. 3, 2019); *see also, Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *15 (N.D. Ohio Mar. 26, 2019) ("Class Counsel provided representation on a purely contingency fee basis, advancing all litigation costs and receiving no payment unless [and] until there was a recovery, and should be compensated for that risk").

Finally, Courts in this district acknowledge that "[w]age-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *16 (N.D. Ohio Mar. 26, 2019). Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Plaintiff's counsel for their prosecution of this case, and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

    **4.**    **The Court Should Authorize Reimbursement to Plaintiffs' Counsel of Their Out-of-Pocket Expenses Incurred In This Case**

Plaintiff's counsel should also be reimbursed their out-of-pocket expenses and costs, which are $4,871.94. (Moyle Dec. at ¶ 21). "Under the common fund doctrine, Class Counsel is entitled

8

to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *20 (S.D. Ohio Nov. 25, 2019). "When costs and expenses are incurred that are necessary to litigate and prosecute the lawsuit, they are reasonable." *Ousley v. CG Consulting, LLC*, Civil Action No. 2:23-cv-01435, 2023 U.S. Dist. LEXIS 86943, at *17 (S.D. Ohio May 16, 2023). Here, Plaintiff's counsels' costs include the filing fee, the cost for a third party administrator to mail the notice and consent to join to members of the putative collective and track the responses, and costs for postage. (Moyle Dec. at ¶ 21). Because these costs and expenses were necessary to litigate and prosecute this lawsuit, they are reasonable and should be awarded to Plaintiff's Counsel.

### III.   CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court enter the Proposed Order, attached to hereto as **Exhibit 2**:

1. Approving the Parties' settlement of the collective claims brought pursuant to the Fair Labor Standards Act as reflected in the Agreement, including the release of claims;

2. Approving Plaintiff's Counsel's request for attorneys' fees and costs to be paid from the settlement;

3. Approving the Service Award payment for Plaintiff to be paid from the settlement; and

4. Dismissing this case with prejudice.

Respectfully Submitted,

| | |
|---|---|
| **NILGES DRAHER LLC** | **STITES & HARBISON PLLC** |
| */s/ Jeffrey J. Moyle* | */s/ Robin D. Miller (with permission)* |
| Jeffrey J. Moyle (0084854) | Robin D. Miller (0074375) |
| 1360 East 9th Street, Suite 808 | Andrew J. Poltorak (0090228) |
| Cleveland, OH 44114 | 5325 Deerfield Blvd |
| Telephone: (216) 230-2955 | Mason, OH 45040 |
| Facsimile: (330) 754-1430 | Telephone: 513-445-6597 |
| E-mail: jmoyle@ohlaborlaw.com | Email: apoltorak@stites.com |
| | rmiller@stites.com |
| Shannon M. Draher (0074304) | |
| Hans A. Nilges (0076017) | **DYKEMA GOSSETT PLLC** |
| 7266 Portage Street, N.W., Suite D | |
| Massillon, OH 44646 | Donna K. McElroy (*pro hac vice*) |
| Telephone: (330) 470-4428 | Katherine A. Zampas (*pro hac vice*) |
| Facsimile: (330) 754-1430 | 112 E. Pecan St, Suite 1800 |
| Email: sdraher@ohlaborlaw.com | San Antonio, TX 78205 |
| hans@ohlaborlaw.com | Telephone: (210) 554-5272 |
| | Facsimile: (210) 226-8395 |
| *Attorneys for Plaintiff* | Email: dmcelroy@dykema.com |
| | kzampas@dykema.com |
| | |
| | Christopher D. Kratovil (*pro hac vice*) |
| | 1717 Main St, Suite 4200 |
| | Dallas, TX 75201 |
| | Telephone: (214) 462-6458 |
| | Facsimile: (214) 462-6401 |
| | Email: ckratovil@dykema.com |
| | |
| | *Attorneys for Defendant* |