UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN THOMAS, on behalf of himself
and others similarly situated,

    Plaintiff,

 v.

CANDID CARE CO.,

    Defendant.

Case No. 2:21-cv-5472
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

  This matter is before the Court on the Parties' Joint Motion for Approval of Settlement under Section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). (ECF No. 29.) The Motion requests approval of the proposed settlement reached by the Parties and memorialized in the Settlement Agreement and Release of Claims attached as Exhibit 1 to the Motion. For the reasons below, the Court **APPROVES** the Parties' Joint Motion.

  I.  BACKGROUND

  Kevin Thomas ("Representative Plaintiff") sued Defendant Candid Care Co., on behalf of himself and others similarly situated, for unpaid overtime wages under the Fair Labor Standards Act (FLSA) and the Ohio Minimum Fair Wage Standards Act. (Compl., ECF No. 1.) Representative Plaintiff alleges that Defendant violated the FLSA by failing to pay its telephone-based customer service employees for time spent booting up their computers and other software, or for responding to internal communications while off the clock. (*Id*.) Defendant denies these allegations and asserts that it properly paid its employees, including Representative Plaintiff, for all hours worked. (ECF No. 11.) This matter was conditionally certified (ECF No. 22) and 41 telephone-based customer service employees joined the action as

1

opt-in plaintiffs (collectively, with Representative Plaintiff, "Plaintiffs"). (Moyer Decl., ECF No. 29-2, PageID 252.) The Parties have settled Plaintiffs' claims and move for approval of their proposed settlement agreement. (ECF No. 29-1.)

## II.     STANDARD OF REVIEW

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15- cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

### III. ANALYSIS

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute. There is a bona fide dispute here as to whether telephone-based customer service employees were adequately compensated for overtime hours worked, whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, and whether Plaintiffs would be entitled to liquidated damages if they prevailed on the merits. (ECF No. 29, PageID 230.) There is no sign that the settlement was reached by anything but arms' length negotiations between the Parties and their counsel. (*Id*.) The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals.

Although the Parties did not complete formal discovery, Plaintiffs' counsel assessed Defendant's payroll and timekeeping records and performed a damage analysis. (Moyer Decl., ECF No. 29-2, PageID 252.) Although the Parties dispute both the existence and amount of unpaid overtime, the Parties represent that individual settlement payments reflect 100% of the alleged unpaid overtime wages, assuming 15 minutes of uncompensated work per day during the period covered by the settlement. (*Id.* at PageID 253–54.) Representative Plaintiff will receive a $2,000 service award in addition to his individual payment. (*Id*.) Both payments are reasonable. *See Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 833 F. App'x 430, 431 (6th Cir. 2021) (noting that 32% of alleged damages was a "substantial recovery"); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that courts found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class").

Additionally, attorneys' fees of $16,666.66 represent one-third of the total gross settlement amount and are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."). It is also reasonable for Plaintiffs' counsel to be compensated for their out-of-pocket costs.

## IV. CONCLUSION

The Parties' Joint Motion for Approval of FLSA Settlement, ECF No. 29, is **APPROVED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over the action to enforce the terms of the settlement agreement. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

**1/4/2024**　　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**